1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   THOMAS KITCHEN,                        No. CIV S-06-0649-GEB-CMK-P

12                Plaintiff,

13        vs.                               FINDINGS AND RECOMMENDATIONS

14   JOANNE HENDRICKS, et al.,

15                Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendant Hendricks' motion to dismiss (Doc.

19   29), filed on June 7, 2007.[1]  Defendant Hendricks has also filed a request for judicial notice (Doc.

20   31).  Plaintiff has not filed an opposition to defendant's motion.

21              In her request for judicial notice, defendant Hendricks asks the court to take

22   judicial notice pursuant to Federal Rule of Evidence 201 of state court records relating to a

23   habeas corpus petition plaintiff filed in Placer County Superior Court on January 17, 2006, as

24   case no. WHC-673.  The request should be granted.  See Fed. R. Evid. 201(b)(2).

25   _____

26        [1]    Plaintiff also names as defendants Padilla and Hambly.  Defendant Padilla filed an
     answer to the amended complaint on June 15, 2007.  Defendant Hambly has not been served.

# I.  BACKGROUND

In his amended complaint, plaintiff states that he has a hernia which causes him serious pain and discomfort.  Plaintiff alleges that, while incarcerated at the Placer County Jail, he requested to see a medical expert to determine whether surgery would be effective but that defendants denied his request.

As revealed by the documents attached to defendant's request for judicial notice, plaintiff raised a claim relating to medical care in the state court habeas petition.  As outlined in the state court's March 7, 2006, order, that petition involved the following claim:

> . . . The petition alleges that petitioner was not receiving proper medical care at the Placer County Jail.  Thereafter, this court requested the jail medical staff to informally respond to petitioner's allegations.  The response, dated February 1, 2006, was received and considered by the court.  Petitioner's reply to the informal response was dated February 13, 2005, but received by the court on February 21, 2006.  As indicated above, this court has considered the material submitted in petitioner's reply.
> Based on a review of all the material submitted by petitioner and the jail medical staff, the court determines that petitioner is receiving medical services in accordance with established standards of medical care.  The surgery petitioner requests, under the current circumstances, is considered elective.  The jail medical staff is not required to perform elective surgery.

The state court denied the petition.


# II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

       To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

## III.  DISCUSSION

       In her motion to dismiss, defendant Hendricks argues that plaintiff's claim, as against all defendants, is barred by the doctrines of claim preclusion and issue preclusion because it was fully and fairly litigated in the prior state court habeas proceeding.  For this reason, defendant concludes that plaintiff has failed to state a claim upon which relief under § 1983 can be granted.  See Scott v. Kuhlman, 746 F.2d 1377, 1378 (9th Cir. 1984).  Under the doctrine of res judicata, or claim preclusion, an action may be barred where an earlier action involved the same claim and parties, and reached a final judgment on the merits.  See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).  A decision in a prior federal habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent civil rights action under 42 U.S.C. § 1983.  See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1992).  Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254 case.  See id.  Similarly, under

3

1  the doctrine of collateral estoppel, or issue preclusion, any issue necessarily and finally decided

2  in an earlier action may not be relitigated in a later case involving a party to the prior action.  See

3  Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984 F.2d at 325.

4          In the instant § 1983 action, plaintiff alleges that he was denied medical care

5  while incarcerated at the Placer County Jail.  Specifically, he contends that defendants violated

6  his Eighth Amendment rights by not permitting him access to medical experts to determine

7  whether surgery was appropriate to remedy his hernia.  The court agrees with defendant's

8  assertion that this same claim was litigated in the prior habeas corpus proceeding.  While that

9  proceeding did not specifically involve whether plaintiff's Eighth Amendment rights had been

10 violated, a determination was made that the surgery plaintiff had requested was elective and,

11 therefore, not necessary.  Absent the necessity for medical treatment, there can be no serious

12 medical condition, which is a requirement for an Eighth Amendment claim under § 1983.  See

13 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37

14 F.3d 540, 546 (9th Cir. 1994).

15         Because the central issue in this case has been fully and fairly litigated in the prior

16 state court proceeding, the judgment in that case has preclusive effect and bars the instant action.

17

18                              **IV.  CONCLUSION**

19         Based on the foregoing, the undersigned recommends that:

20         1.      Defendant Hendricks' request for judicial notice (Doc. 31) be granted;

21         2.      Defendant Hendricks' motion to dismiss (Doc. 29) be granted; and

22         3.      This action be dismissed in its entirety, with prejudice.

23         These findings and recommendations are submitted to the United States District

24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

25 after being served with these findings and recommendations, any party may file written

26 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

                                              4

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 17, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE