IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS KITCHEN,                              2:06-cv-0649-GEB-CMK-P

    Plaintiff,

  vs.                                          <u>ORDER</u>

JOANNE HENDRICKS, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On June 7, 2007, Defendant Joanne Hendricks filed a motion to dismiss Plaintiff's complaint on collateral estoppel grounds, arguing that because Plaintiff's state habeas proceedings resulted in a judgment which "addressed and adjudicated the issues contained in [Plaintiff's] Amended Complaint . . . , the instant action should be dismissed."  (Def. Hendricks's Mot. at 2.)  Defendant Hendricks also filed a contemporaneous request that the court take judicial notice of the earlier state court action and certain documents filed therein.  On

1

1  August 17, 2007, Defendant Asa Hambry also moved to dismiss Plaintiff's complaint on
2  collateral estoppel grounds.  The remaining Defendant, Officer Padilla, filed an answer to
3  Plaintiff's Amended Complaint on June 15, 2007.
4           On August 20, 2007, the magistrate judge filed findings and recommendations in
5  connection with Defendant Hendricks's motion to dismiss and request for judicial notice, and
6  recommended that (1) Defendant Hendricks's request for judicial notice be granted; (2)
7  Defendant Hendricks's motion to dismiss be granted; and (3) this action be dismissed in its
8  entirety, with prejudice.  The findings and recommendations were served on the parties and
9  contained notice that any objections to the findings and recommendations were to be filed within
10 20 days.  Timely objections to the findings and recommendations were filed.
11          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
12 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire
13 file, the court adopts the recommendation that Defendant Hendricks's request for judicial notice
14 be granted, and rejects the recommendation that Defendant Hendricks's motion to dismiss be
15 granted and that this action be dismissed, for the following reasons:
16          Defendant Joanne Hendricks argues that this case should be dismissed because
17 Plaintiff's state habeas proceedings resolved the issues presented in this action.  Specifically,
18 Defendant Hendricks contends that the state court adjudicated the same issue presented herein
19 when it rejected Plaintiff's claim that he was receiving "improper, inadequate and indifferent
20 medical care" at Placer County Jail.  (Def. Hendricks's Mot. to Dismiss at 2, 6.)  "The doctrine
21 of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and
22 necessarily decided in a prior proceeding.  In both the offensive and defensive use situations the
23 party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier
24 action.  The issue must have been 'actually decided' after a 'full and fair opportunity' for
25 litigation."  Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) (internal citations and
26 quotation marks omitted).  However, it is unclear from the record before this court that the state

court adjudicated the same precise issues that are presented in this action, or that the issues presented in this action were fully and fairly adjudicated in the state court proceedings.

On March 7, 2006, the state court denied Plaintiff's writ of habeas corpus, which "allege[d] that petitioner was not receiving proper medical care at the Placer County Jail," and determined that, as of that time, "petitioner [was] receiving medical services in accordance with established standards of medical care [since] [t]he surgery petitioner request[ed], under the circumstances, [was] considered elective [and] [t]he jail medical staff is not required to perform elective procedures."[1]  (Ex. G to Req. for Jud. Notice (Mar. 7, 2006 Amended Order Denying Petition for Writ of Habeas Corpus), at 2.)  Although the state court determined that Plaintiff was receiving adequate medical care, the specific issue addressed in the state court proceedings was whether the denial of the surgery that Plaintiff requested constituted a violation of Plaintiff's rights.  (Id.; see also Ex. A to Req. for Jud. Notice (Plaintiff's State Court Petition for Writ of Habeas Corpus, filed Jan. 17, 2006 in Placer County Superior Court), at 8, 17 (alleging that Defendants' "refus[al] to treat" Plaintiff's inguinal hernia violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and requesting that the court "[o]rder immediate procedures to correct petitioner's medical complication"); see also Ex. F to Req. for Jud. Notice (Plaintiff's Reply to Placer County Jail's Informal Response to Petition for Writ of Habeas Corpus, filed Feb. 24, 2006 in Placer County Superior Court), at 3 (stating that Plaintiff "wish[ed] for the surgery.").)

Plaintiff's initial complaint in this action was filed on March 28, 2006, and Plaintiff's amended complaint in this action was filed on April 18, 2006.  The amended complaint alleges that Plaintiff "requested to see a surgeon or other specialist to determine if hernia repair would end the pain *or* if there may be another cause for the extreme pain" and that

---

[1] The portion of the magistrate judge's findings and recommendations recommending that Defendant Hendricks's request for judicial notice be granted is adopted, and the request is granted.

the request was denied.  (Am. Compl. at 2 (emphasis added).)  Plaintiff requests that "the court order [the correctional institution's medical group to] schedule a surgeon or expert[] appointment to determine the true cause for [Plaintiff's] pain."  (Id. at 3.)  The issue presented in the current action, therefore, is whether the denial of Plaintiff's request for further consultation constituted a violation of Plaintiff's rights.

Because Plaintiff's state habeas petition and the state court's order focused specifically on whether the correctional institution was required to provide Plaintiff with the surgery he requested, it is unclear whether that court adjudicated the precise issue presented in this action.  Moreover, it is unclear whether Plaintiff's allegations in the current action are based on conduct that occurred after the state court decision issued since it is unclear whether the request for further consultation that Plaintiff references in his amended complaint was made and/or denied after the state court decision issued (Plaintiff indicates in his Amended Complaint that he learned that "the request [to see a surgeon] was denied by [Defendant Hendricks] . . . after [his] initial complaint was filed") and because it is also unclear whether Plaintiff's condition became more serious after the state court decision issued.  See In re Universal Life Church, 128 F.3d 1294, 1300 (9th Cir. 1997) (finding that collateral estoppel did not apply since "the issues presented [were] not in substance the same as those presented in the prior litigation in question, and a controlling fact [] changed significantly since the prior judgment."); Harkins Amusement Enters., Inc. v. Harry Nace Co., 890 F.2d 181, 184 (9th Cir. 1989) (finding that collateral estoppel did not bar certain claims since "the plaintiff allege[d] facts which by the defendants' own concession [were] at least 10 percent different from the facts alleged in [the prior action], and, of course, the plaintiff allege[d] conduct that occurred in a different time period.").  Plaintiff now contends that, after being transferred to a different correctional facility, he was "granted a consultation with a specialist" and that the ultrasound he was given revealed "a lump in his testicle."  (Pl.'s Obj. to F&R's at 2.)  Plaintiff further indicates that the scrotal sonogram he received revealed that, in addition to the "mild and uncomplicated" inguinal hernia that he had

4

been diagnosed with prior to the time of the state court decision and that was the only condition the state court appears to have been aware of, he also has a "left epididymal head cyst" and the inguinal hernia is "with peristaltic bowel in the canal."[2] (Pl.'s Suppl. Filing of Supporting Documents at 2; see also Ex. D to Req. for Jud. Notice (Letter from Dr. David Duncan in Response to Petition for Writ of Habeas Corpus, filed Feb. 1, 2006 in Placer County Superior Court) (stating that Plaintiff's "inguinal hernia has remained mild and uncomplicated.").) Plaintiff also indicates that "he is [now] scheduled for surgery to alleviate the ongoing pain."[3] (Pl.'s Suppl. Filing of Supporting Documents at 3.)

        Moreover, it is unclear whether the issues adjudicated in the state court action were fully and fairly adjudicated therein since the state court based its decision to deny Plaintiff's petition for writ of habeas corpus on only Plaintiff's petition, an informal response by the jail medical staff to Plaintiff's allegations, and Plaintiff's reply to the informal response, and it does not appear that Plaintiff had an opportunity to conduct discovery in that action. (Ex. G to Req. for Jud. Notice (Mar. 7, 2006 Amended Order Denying Petition for Writ of Habeas Corpus), at 1.) The "inability to make full use of discovery or evidence in the first forum may justify subsequent relitigation." Wright & Miller, Federal Practice and Procedure § 4423; see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 n.15 (1979) ("If, for example, the defendant in the first action . . . was unable to engage in full scale discovery or call witnesses, application of offensive collateral estoppel may be unwarranted. Indeed, differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent

---

[2] It is unclear when these conditions developed and/or whether these conditions are more serious than an uncomplicated inguinal hernia.

[3] Although Plaintiff appears to have already received the primary relief he seeks in this action since he has now seen a specialist and will be receiving surgery to alleviate his pain, this action is not dismissed because Plaintiff also requests "any other relief deemed just and proper" and because a plaintiff may be entitled to damages even if a complaint seeks only injunctive and declaratory relief. Z Channel, Ltd. v. Home Box Office, 931 F.2d 1338, 1341 (9th Cir. 1991); see also Franklin v. State of Oregon, 662 F.2d 1337, 1347-48 & n. 13 (9th Cir. 1981) (stating that courts should construe pro se pleadings liberally).

1  action even between the same parties, or where defensive estoppel is asserted against a plaintiff
2  who has litigated and lost.").

3  Accordingly, based on the record before this court, it is unclear whether the March
4  7, 2006 state court decision precludes Plaintiff's current action. Therefore, the recommendations
5  that Defendant Hendricks's motion to dismiss be granted and that this action be dismissed are
6  rejected, and Defendant Hendricks' motion to dismiss is denied.[4]

7  Dated: December 21, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[4] Because the findings and recommendations recommended that this action be dismissed in its entirety, Defendant Hambry's motion to dismiss has not yet been addressed.